O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL STEPHEN TISTHAMMER,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant.<br>_____ | Case No. 2:14-CV-00271-CAS<br>          2: 08-CR-00057(B)-CAS<br><br>ORDER DENYING PETITIONER'S FIRST MOTION UNDER FED. R. CIV. P. 52(a)<br><br>ORDER DENYING PETITIONER'S FOURTH MOTION FOR APPOINTMENT OF COMPETENT COUNSEL |

On February 10, 2015, the Court issued an order (1) denying petitioner Carl Tisthammer's second motion for summary judgment, (2) denying petitioner's third motion for appointment of counsel, and (3) granting petitioner's motion for an order compelling the Federal Bureau of Prisons to provide petitioner with law library access.

On February 23, 2015, petitioner filed a "first motion under Fed. R. Civ. P. Rule 52(a)." Through this motion, petitioner argues that "Rule 52(a) requires a District Court to make Findings of Fact and Conclusions of Law, and implicit in the rule is the necessity of a hearing on the factual issue." First, it is unclear for which proceedings petitioner seeks written findings of fact and conclusions of law, or a hearing. To the extent that petitioner seeks findings of fact or a hearing on any recently filed motion, the authority on which he relies is unavailing. Rule 52(a) provides in relevant part:

> **(1) *In General.*** <u>In an action tried on the facts without a jury or with an advisory jury</u>, the court must find the facts specifically and state its conclusions of law separately.  The findings and conclusions may be stated on the record after the close of evidence or may appear in an opinion or memorandum of decision filed by the court.  Judgment must be entered under Rule 58.
>
> . . . .
>
> **(3) *For a Motion.*** <u>The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.</u>

Fed. R. Civ. P. 52(a) (emphasis added).  The Court has not conducted a trial of petitioner without a jury or with an advisory jury, and the plain language of Rule 52(a) makes clear that the Court need not state findings or conclusions in addressing petitioner's summary judgment motion, or any other motion unless otherwise provided by the Federal Rules of Civil Procedure.  For these reasons, the Court DENIES petitioner's first motion under Federal Rule of Civil Procedure 52(a).

Also on February 23, 2015, petitioner filed a "fourth motion for appointment of competent counsel" requesting "the Court's reconsideration for immediate appointment of competent counsel to assist Petitioner."  Through this motion, plaintiff alleges that the Bureau of Prisons has violated his rights by closing the Petersburg, Virginia law library "on a day where minimum access [was] scheduled."  As the Court has previously explained, there is no constitutional right to appointment of counsel for a habeas petition.  See <u>Sanchez v. United States</u>, 50 F.3d 1448, 1456 (9th Cir. 1995).  The Court has ordered that petitioner be granted access to the law library, and petitioner's vague allegation that the library was closed on a single day does not change the Court's conclusion that the facts of this case do not warrant appointment of

/ / /

/ / /

counsel. Accordingly, the Court DENIES petitioner's fourth motion for appointment of competent counsel.

Dated: February 24, 2015

                                     /s/ Christina A. Snyder
                                      _____
                                      CHRISTINA A. SNYDER
                                      UNITED STATES DISTRICT JUDGE